Nicholas Ranallo, Attorney at Law #275016
2443 Fillmore St. #380-7508
San Francisco, CA 94115
Telephone No.: (831) 607-9229
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>   Plaintiff,<br><br>v.<br><br>KEVIN PETERSON<br><br><br>   Defendant<br>_____<br>KEVIN PETERSON<br><br>   Counterclaimant<br><br>v.<br><br>MALIBU MEDIA, LLC<br><br>   Counterdefendant | Case No. 3:16-CV-00786-JLS-NLS<br><br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**<br><br><br>**Hearing Date: January 12, 2017 at 2:00 pm** |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Plaintiff Malibu Media, LLC is one of the most prodigious litigants in the nation, filing over 4000 copyright lawsuits in the course of the last few years.  Notably – with the limited exception of one instance where Plaintiff was forced to participate in a "bellwether trial", none of these cases has made it to trial.  Perhaps this is not surprising, as Plaintiff's litigation strategy does not seek a ruling on the merits, but is instead (in the words of a federal judge) "essentially an extortion scheme" designed to leverage the high cost of federal litigation and the embarrassment associated with adult films into dubious settlements. See *Malibu Media, LLC v. John Does 1-10,* 2012 U.S. Dist. LEXIS 89286 at *9 (C.D. Cal. June 27, 2012).   When Plaintiff encounters a determined Defendant, it will seek to escape via the backdoor, in an effort to avoid the statutory costs and attorney fees available to a prevailing defendant in a copyright action.  Defendant herein has interposed a counterclaim for declaratory relief, seeking to barricade the back door.  Plaintiff – perhaps unsurprisingly – now seeks dismissal of this counterclaim in order to clear a potential escape path.  For the reasons set forth herein, Defendant respectfully requests that Plaintiff's Motion to Dismiss be denied.

## II.    ARGUMENT

Plaintiff's Motion to Dismiss Defendant's Counterclaim cites two main rationale for why the Court should dismiss Defendant's claim for a declaratory judgment, including that failure to do so would "confuse a jury," and that answering Defendant's four paragraph counterclaim would create an undue burden on the Plaintiff.  Plaintiff goes on to argue that the counterclaim is unnecessary, "because the Court will decide the common copyright infringement issue unless the parties settle *or Plaintiffs withdraw their complaint."* See ECF No. 16 at 4.  This begins to get at the real issue in dispute.

Judge Alsup – who has been assigned all 100+ Malibu Media cases in the Northern District

of California and is intimately familiar with their tactics - recently examined and denied a nearly

identical Motion to Dismiss Defendant's Counterclaim.  *See Malibu Media, LLC v. John Doe*

*Subscriber Assigned IP Address 76.126.99.126*, 2016 U.S. Dist. LEXIS 80003 (N.D. Cal. June 20,

2016).  A copy of Judge Alsup's Order is annexed hereto as Exhibit A.  The Northern District agreed

with Malibu Media that it had the authority to dismiss the counterclaim if it so chose, but nonetheless

denied Plaintiff's motion.  The Court's rationale was persuasive, and Defendant urges the Court to

adopt it herein.  Specifically, Judge Alsup noted that:

> "Malibu Media argues that permitting defendant's counterclaim to proceed would require it to file an answer in which it would deny all the allegations and refer back to the complaint. This will, however, impose a negligible burden. Malibu Media also contends the declaratory judgment counterclaim would confuse a jury. Not really, however, a jury would never need to know that the case involves an affirmative claim of infringement and a declaratory judgment counterclaim of non-infringement. The jury could render one verdict resolving both claims. Malibu Media will suffer no prejudice.

> Malibu Media's motion seems more like a gimmick designed to allow it an easy exit if discovery reveals its claims are meritless. Section 505 of Title 17 of the United States Code provides that a "prevailing party" may be awarded attorney's fees in a copyright infringement action; however, when a copyright plaintiff voluntarily dismisses a claim without prejudice, the defendant is not a prevailing party. *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009). Absent defendant's counterclaim, if events reveal that this case is meritless, Malibu Media could voluntarily dismiss its affirmative claims without prejudice under Rule 41(a)(2), seeking to avoid an award of attorney's fees. If, however, defendant's counterclaim remains alive, he will be able to press his counterclaim.

> *Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 U.S. Dist. LEXIS 80003, at *4-5 (N.D. Cal. June 20, 2016).

Defendant herein has little to add to Judge Alsup's observations.  Defendant indeed seeks to

prevent Malibu Media from seeking an "easy exit" after it has finally determined to its satisfaction

that the Defendant is neither liable for infringement, nor likely to pay simply to make this matter go

away.  Defendant likewise agrees that the purported rationale for Plaintiff's motion – the prevention

of jury confusion – is a feigned concern that is easily remedied by a proper instruction.

### III.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendant respectfully requests that this Court deny Plaintiff's Motion to Dismiss.


DATED: November 1, 2016          NICHOLAS RANALLO, ATTORNEY AT LAW


By:  _____/s/ Nicholas Ranallo_____
     Nicholas Ranallo (Cal Bar # 275016)
     2443 Fillmore Street, #380-7508
     San Francisco, CA 94115
     (831) 607-9229
     Fax: (831) 533-5073
     nick@ranallolawoffice.com

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

1

## **CERTIFICATE OF SERVICE**

2

3      THE UNDERSIGNED HEREBY CERTIFIES that on this first day of November, 2016, a
true and correct copy of the foregoing was transmitted to counsel or record for Plaintiff via ECF.

4

5

6

7

8

9                                                           /s/     Nicholas R. Ranallo

10                                                          Nicholas Ranallo, Attorney at Law

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM